Opal M. CONKLIN, Plaintiff-Appellee,

v.

JOSEPH C. HOFGESANG SAND COMPANY, INC., Defendant-Appellant.

No. 76–1685.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 10, 1977.

Decided Nov. 18, 1977.

Ben B. Hardy, Hardy & Hardy, Louisville, Ky., for defendant-appellant.

John T. Rankin, Eubanks, Lorenz, Coombs & Rankin, Louisville, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and GRAY,* Senior District Judge.

PER CURIAM.

This is an appeal by an employer from a judgment requiring it to pay plaintiff employee back wages, liquidated damages, and attorney's fees pursuant to the Fair Labor Standards Act.

This action was brought in early 1974, and in July of that year defendant employer filed its answer. In its answer defendant did not plead the exemption provided for administrative employees under 29 U.S.C. § 213(a)(1). The case was tried in September, 1975, still without any amendment or attempted amendment of the answer to plead the exemption. At the conclusion of the trial, the district judge allowed counsel until October 20, 1975, to file briefs. Defendant's brief was not filed until October 30, 1975, but, in it, for the first time, it raised the question of the administrative employee exemption. The district judge made his decision by memorandum filed November 4, 1975, and, in it, held that he was precluded from reaching this question because such an exemption must be especially pleaded.

Defendant asserts that this decision by the district court was in error. We are of the opinion that this contention is without merit. *See: Wirtz v. C & P Shoe Co.,* 336 F.2d 21 (5th Cir. 1964); *Schmidtke v. Conesa,* 141 F.2d 634 (1st Cir. 1944).

Some two weeks after the district court's memorandum was filed and an interlocutory order implementing the decision had been entered, defendant moved to be al-

* The Honorable Frank Gray, Jr., Senior Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

lowed to amend its answer to plead the exemption. The motion was denied, and it is asserted that this was error. This argument is not well taken.

█ The disallowance of amendments to the pleadings is a matter within the sound discretion of the trial court, and, although the trial judge's order denying leave to amend does not set forth the basis for that decision, such basis is apparent from the record. *See: Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir. 1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974). The chronology of the case shows clearly the undue dilatoriness of defendant, and, as the trial judge noted in his memorandum opinion, it was clear that defendant's attorney had failed to investigate the matter or do any legal research thereon until after the hearing. Although defendant now suggests that this issue was tried by consent and that its motion to amend was actually a motion to conform the pleadings to the evidence, examination of the record does not support this contention. Although there was some evidence of plaintiff's duties which might have been pertinent to the issue, it is obvious that these portions of the testimony were primarily placed in the record in connection with defendant's contentions that plaintiff had improperly handled the money of defendant and had otherwise profited from her activities in the office, such as the sale of candy, coffee, punchboard tickets, etc.

It seems pertinent to note, also, that the attorney for the defendant was also the president of the defendant corporation and that, although he testified at the trial, his testimony did not contain even a suggestion that defendant was claiming the administrative employee exemption.

██ Defendant raises other arguments that may be disposed of summarily. It asserts that the district court improperly applied the three-year limitation period applicable to willful violations of the FLSA, but this contention is without merit. The court cannot say, as it must if it is to reverse the trial court's findings on this issue, that the latter's determination is clearly erroneous. Defendant challenges the district court's awards of liquidated damages and attorney's fees, but this position is also unpersuasive. Such awards are within the sound discretion of the trial court and that discretion was not abused.

█ Although the defendant's claims of error are held to be without merit, it appears that this case must, nevertheless, be remanded to the district court. Both parties agree that the computations made there of back wages and liquidated damages due plaintiff are unclear and may be in error. Accordingly, the case is RE-MANDED to the district court for such further proceedings as are not inconsistent with this opinion.