**In re Donald J. PECKINPAUGH, Betty M. Peckinpaugh, Debtors.**

**PRODUCTION CREDIT ASSOCIATION OF NORTHERN OHIO, Plaintiff,**

v.

**Donald J. PECKINPAUGH, Betty M. Peckinpaugh et al., Defendants.**

Bankruptcy No. 80–00441.
Adv. No. 80–0130.

United States Bankruptcy Court,
N. D. Ohio, W. D.

Oct. 7, 1981.

William Scott O'Brien, Findlay, Ohio, for plaintiff.

Patterson W. Higgins, Findlay, Ohio, for defendant Peoples Banking Co.

Quentin M. Derryberry, II, Lima, Ohio, trustee in bankruptcy.

## MEMORANDUM AND ORDER DENYING PEOPLES BANKING COMPANY'S MOTION FOR LEAVE TO FILE AN AMENDED COUNTERCLAIM

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the Motion of Defendant, Peoples Banking Company, (PBC) for leave to file an amended counterclaim. It is the decision of this Court that the motion is not well taken and should be denied.

On February 15, 1980 Plaintiff commenced this cause of action for a money judgment, and to foreclose its security interest on personal property of Defendants Donald J. Peckinpaugh and Betty M. Peckinpaugh, in the Court of Common Pleas of Hancock County, Ohio. Defendant PBC, along with nineteen other named defendants, was required to assert and set up its respective interest, lien, or claim against the property or to be forever estopped and barred therefrom. Plaintiff prayed that the property be sold, that the liens be marshalled, and that its security interest be found to be the first and best lien.

On March 17, 1980, PBC filed an answer and counterclaim denying the validity of Plaintiff's lien, and asking that the liens be marshalled and its security interest in the personal property be found the first and best lien.

On March 28, 1980, the Defendants Donald J. Peckinpaugh and Betty M. Peckinpaugh filed a petition in this Court under Chapter 11 of the Bankruptcy Code. On April 25, 1980 the original civil suit filed in the Hancock County Common Pleas Court was removed to this Court by the Debtor/Defendants pursuant to 28 U.S.C. § 1478. Thereafter, on August 6, 1980 the case was converted to a case under Chapter 7 and a Trustee was appointed.

Subsequent to removal to this Court, on December 3, 1980, an informal conference was held at which counsel for Plaintiff, the Trustee in Bankruptcy, and counsel for Defendant PBC were in attendance. Pursuant to agreement of the parties, an Order of Sale was entered April 24, 1981 requiring that the property be sold at public sale by a licensed auctioneer, and that the determination of the validity and priority of liens be postponed to a later date. If found to be valid, the liens would attach to the funds in the hands of the Trustee.

After the sale Plaintiff, on May 22, 1981, moved this Court for an order marshalling the various liens and assessing the costs and expenses of sale. This Court ordered a pre-trial conference on the motion and scheduled it for July 8, 1981.

Prior to the pre-trial conference, on June 9, 1981 PBC filed the present motion for leave to file an amended counterclaim. The reason for PBC's motion is that apparently, through its own inadvertence or negligence, it had failed to discover that the date of the

earliest perfection of its lien is allegedly December 20, 1976, and not February 14, 1978, as stated in the original counterclaim. It is the finding of this Court that justice does not require that leave be granted to amend under the circumstances of this case.

Rule 715 of the Rules of Bankruptcy Procedure provides, with exceptions not relevant herein, that Rule 15 of the Federal Rules of Civil Procedure applies in adversary proceedings. In relevant part Rule 15 provides:

> (a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Since more than 20 days have passed since PBC filed its original answer and counterclaim and Plaintiff did not file a reply within the limit set by Rule 12(a), the time within which PBC could amend its counterclaim as a matter of right has elapsed. The provisions of the second sentence of Rule 15(a) then, which provide that a party may amend his pleading "only by leave of court or by consent of the adverse party; and leave shall be freely given when justice so requires" govern.

■ It is well settled that the grant or denial of leave to amend pursuant to Rule 15(a) is a matter within the sound discretion of the trial court. *Zenith Radio Corporation v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Conklin v. Joseph C. Hofgesang Sand Company*, 565 F.2d 405 (6th Cir. 1977); *Hayden v. Ford Motor Company*, 497 F.2d 1292 (6th Cir. 1974). In addition, the court's decision on this issue is subject to reversal on appeal only for an abuse of that discretion. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753 (6th Cir. 1974); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973), *cert. denied*, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974).

In opposition to PBC's motion for leave to file an amended counterclaim, Plaintiff asserts that the allowance of an amendment would prejudice its position in this lawsuit as the purported first and best lienholder, and that, in reliance on this position, it attended the April 24, 1981 sale and made no bid in anticipation of receiving the bulk of the proceeds.

PBC, although specifically granted leave to file a reply brief to Plaintiff's memorandum in opposition to its motion, has failed to do so. Thus, this Court is forced to decide this issue without any explanation of the circumstances constituting the alleged "excusable neglect" asserted in its original "Motion for Leave to Plead" filed June 9, 1981.

■ Prejudice to the opposing party is the most important factor considered by the courts in deciding whether leave to amend should be granted. See *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131 (6th Cir. 1980). See generally, Wright & Miller, *Federal Practice and Procedure*: Civil § 1487 (1971). It is likely that Plaintiff's position as asserted first and best lienholder would be less certain given the validity of the newly asserted filing date. Also, Plaintiff's conduct at the sale of the personal property involved could have been significantly changed.

■ Furthermore, absent any explanation of the circumstances underlying the discovery of a new date of perfection, given the diligence of Plaintiff in bringing this case into its present posture, it is the opinion of this Court that justice requires the denial of leave to amend.

This suit had been pending nearly 16 months when PBC filed its motion seeking leave. Up to that point in time Plaintiff has been diligent in initiating and concluding actions protecting the various parties' interests. For example, it obtained a tem-

porary restraining order and preliminary injunction restraining Defendant/Debtors from prejudicing the parties' security interests in the property and caused a State Court Receiver to be appointed. Further, Plaintiff moved this Court for an order marshalling the liens and assessing the costs of sale after cooperating with the Trustee in preparing an order of sale at public auction.

PBC has had ample time to investigate and plead the factual circumstances supporting its interests. It is incumbent upon it to do so with due diligence and care.

For the foregoing reasons it is hereby,

ORDERED that the motion of Peoples Banking Company for leave to file an amended answer and counterclaim be, and hereby is, denied.