16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William A. ORTMAN; Lavina M. Ortman; Estate of Marcella G.
Ortman, Deceased, Plaintiffs-Appellants,
v.
STATE OF MICHIGAN; County of Oakland; County of Lapeer;
County of Kalamazoo; Michigan Supreme Court; Michigan
Court of Appeals; 40th Circuit Court; 6th Michigan Circuit
Court; 9th State Circuit Court; Oakland County Probate
Court; 9-1 District Court; City of Kalamazoo; City of
Farmington Hills; Ralph J. Kliber; Gerald Simon; Richard
Condit; Alexander B. McGarry; James L. Whyard; Alan
Harnisch; Seyburn, Kahn, Ginn, Bess, Howard & Harnisch,
P.C.; Condit, McGarry & Schloff, P.C.; Laurencelle &
Associates, Inc.; Michael F. Cavagnagh, Chief Justice;
Charles L. Levin; James H. Brickley; Patricia J. Boyle;
Dorothy Comstock Riley; Robert Griffin; Conrad Mallett,
Jr.; Robert J. Danhoff; Donald E. Holbrook, Jr.; Joseph
B. Sullivan; Mark Cavagnagh; Norbert G. Jaworski; Richard
M. Maher; David H. Sawyer; Thomas J. Brennan; Fred M.
Mester; Steven Andrews; Hugh Dean, Jr.; Eugene Arthur
Moore; John J. O'Brien; Norman Baguley; Martin Clements;
William Schma; Donald E. James; Miller, Canfield, Padock &
Stone; James E. Spurr; Craig R. Bush; Michael J.
Chojnowski; Harnisch & Associates, P.C.; Donald E. Litke;
Linda B. Litke; Richard Haliday; Kalamazoo Metal
Finishers, Inc.; Fischer, Franklin, Ford, Simon & Hogg;
John Doe, Defendants-Appellees.
 No. 92-2177.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1994.
 
 Before: NORRIS and SILER, Circuit Judges; and HEYBURN,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the granting of summary judgment for defendants. They also appeal the denial of the motion to file an amended complaint and the imposition of Rule 11 sanctions. For reasons stated herein, we AFFIRM.
 
 Background
 
 2
 This proceeding began as a civil rights action when, in 1991, plaintiffs filed a complaint in the U.S. District Court for the Eastern District of Michigan, alleging that their Constitutional rights under the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments, and various statutory rights under civil rights statutes and 18 U.S.C. Secs. 1961 and 1965 had been violated. The Ortmans contend that a conspiracy exists to deprive them of a trial by jury; that Judge Fred M. Mester wrongfully refused to dismiss this suit; that Judge Mester also hired individuals to sell certain real estate belonging to the Ortmans; that William A. Ortman was seized and shackled by sheriff's deputies at the insistence of various defendants; that these and other defendants conspired to deprive William A. Ortman of his rights; that a Michigan Court of Appeals clerk improperly handled their attempts to appeal from lower court actions; that the Michigan Supreme Court wrongfully denied leave to appeal; that one defendant seized possession of certain assets, and improperly handled certain matters related to the estate of Ortman's father; and that a trust was wrongfully created.
 
 
 3
 In the district court, the state of Michigan sought dismissal on various grounds. Specifically, that 42 U.S.C. Secs. 1981, 1982, 1985 and 1986 pertained to cases involving race-based animus, something neither alleged nor capable of being proved in this case. Judicial immunity was also raised as to those defendants who were judges, or acting on behalf of judges. Further, defendants contended that the matter had previously been litigated in state court and could not be litigated again in federal court. Finally, defendants sought Rule 11 sanctions on the basis that the claims were frivolous. Judge Taylor granted the defendants' motion for summary judgment, awarded attorney fees and costs to all defendants and denied Ortman's Motion for Leave to Amend Complaint.
 
 I.
 
 4
 As to the judges of the five specific courts and the seventeen individual judges named as defendants in this action, the doctrine of absolute judicial immunity protects them from suit based on their judicial acts. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). This policy is based on the principle that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles v. Waco, 112 S.Ct. 286, 287 (1991). See also Stump v. Sparkman, 435 U.S. 349, 362 (1978). The acts that plaintiffs complain of all took place in the official capacity of each individual judge.
 
 
 5
 Similarly, when court personnel act in performance of an integral part of the judicial process or act pursuant to court orders, quasi-judicial immunity applies. Briscoe v. LaHue, 460 U.S. 325, 335 (1983). Thus, the two defendants (Norbert Jaworski and Hugh Dean, Jr.) brought into this action for their actions as court clerks are also immune.
 
 
 6
 Plaintiffs' most confusing allegations are those against various judicial defendants who allegedly conspired with other defendants to deprive plaintiffs of rights protected by 42 U.S.C. Secs. 1981, 1982, 1985 and 1986. Section 1985 provides a cause of action for conspiracy to obstruct justice with the intent to deprive any citizen the equal protection of the laws. However, it applies only to private conspiracies predicated upon "racial, or perhaps otherwise class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 101-102 (1971). The other sections are related to Sec. 1985 and require racial or ethnic discrimination. See, e.g., St. Francis College v. Al-Khazraji, 481 U.S. 604, 613-614 (1987). Nowhere in the record have plaintiffs alleged any race or class-based animus. Thus, the claims predicated on racial or class-based classifications were properly dismissed.
 
 
 7
 Plaintiffs also claim that the Oakland County, the Sixth Michigan Circuit Court, and the Oakland County Probate Court violated his rights under 42 U.S.C. Sec. 1983. To prevail on this type of claim against a governmental body as opposed to a "person" the litigant must point to a policy or custom directly attributable to the defendant. Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). In other words, a plaintiff must produce "considerably more proof than a single incident." Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985). Plaintiffs have failed to allege any unconstitutional policy or custom attributable to these particular defendants. Further, the complaint includes no specific allegations regarding the Sixth Michigan Circuit Court or the Oakland Probate Court. Thus, the claims against these defendants were properly dismissed.
 
 
 8
 Further, Sec. 1983 claims are alleged against defendants who are attorneys or law firms who represented other defendants in the earlier litigation. These attorneys were later added to the list of those who violated plaintiffs' rights under 42 U.S.C. Sec. 1983. Simply providing legal representation in private litigation does not constitute state action for purposes of liability under Sec. 1983, even if the attorneys were court-appointed. Mulligan v. Schlachter, 389 F.2d 231 (6th Cir.1968). Therefore, the claims against these defendants were properly dismissed.
 
 
 9
 Also, the claim against the State of Michigan and state courts is a suit against the State of Michigan and, thus, is barred by the Eleventh Amendment. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89 (1984).
 
 
 10
 Plaintiffs seek to relitigate numerous issues that were decided in the state court. Federal courts lack appellate jurisdiction over state court judgments in connection with modifying them or vacating them. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). This court applied the Feldman doctrine in Johns v. Supreme Court of Ohio, 753 F.2d 524 (6th Cir.), cert. denied, 474 U.S. 824 (1985), when it noted that the plaintiff's "unhappiness lies in his disagreement with the Ohio Supreme Court's final decision denying his suit against the state." Id. at 527. The plaintiff had pursued a claim unsuccessfully through the state courts and this court affirmed the trial court's dismissal of the action. Likewise, this appeal on these issues is denied.
 
 
 11
 Plaintiffs' claims are also barred by the doctrine of collateral estoppel. Several issues raised by plaintiffs are identical to those litigated in the state court. Specifically, they complain of various rulings by lower courts and actions of various court personnel. Once again, this court has spoken on the issue: "Where a party has had a 'full and fair opportunity' to litigate an issue in earlier state proceedings, he is precluded from relitigating the same issue in a later federal case." Coogan v. Wixom, 820 F.2d 170, 175 (6th Cir.1987) (quoting Allen v. McCurry, 449 U.S. 90, 94-96 (1980)). As such, several of plaintiffs' issues warrant dismissal of this case.
 
 
 12
 Plaintiffs mention, but do not factually support, several allegations with regard to a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) pursuant to 18 U.S.C. Secs. 1961, 1965. Several accusations of corruption and a conspiracy to deprive plaintiffs of their rights and property are made, but with no specific details of an enterprise involved in racketeering activities by the defendants. Section 1962 sets forth four general elements to a valid claim: 1) the conducting of; 2) an enterprise; 3) through a pattern; 4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985). No facts have been alleged that support a claim that defendants conducted a common enterprise, or were involved in racketeering activity.
 
 II.
 
 13
 Plaintiffs also sought to amend their complaint before oral arguments were heard. This motion was denied. According to Fed.R.Civ.P. 15, a party may amend its pleading once as a matter of course at any time before a responsive pleading is submitted or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, a party may so amend it at any time within twenty days after it is served. The trial court may deny leave to amend a complaint where the court finds that the proposed amendment would be frivolous, or where the court finds undue delay or a dilatory motive on the part of the movant. Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant or deny a litigant permission to file an amended complaint rests within the trial court's sound discretion. Conklin v. Joseph C. Hofgesang Sand Co., 565 F.2d 405, 407 (6th Cir.1977). As plaintiffs filed a motion for leave to amend the pleading only one business day before the motion for summary judgment was argued before the district court, the denial was not an abuse of discretion.
 
 III.
 
 14
 Plaintiffs also ask this court to dismiss the Rule 11 sanctions imposed upon them. Stating that the sanctions are unjust and violate due process, they instead recommend that sanctions be assessed against each of the defendants.
 
 
 15
 Fed.R.Civ.P. 11 mandates the imposition of sanctions under two circumstances: (1) when a pleading, motion, or other paper is not well-grounded in fact or law, and (2) when a pleading, motion, or other paper is interposed for any improper purpose, such as to harass, delay or needlessly increase litigation costs. The rule requires an objective standard when determining whether a pleading was factually or legally warranted. The test to be employed is "what was reasonable to believe at the time the pleading, motion or other paper was submitted." Fed.R.Civ.P. 11, advisory committee's note. Rule 11 also allows sanctions when a pleading is brought for an improper purpose. The standard for review for the appellate court for both the decision to award and the amount of damages is abuse of discretion. United States v. Alexander, 981 F.2d 250 (5th Cir.1993); Nugget Hydroelectric L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429 (9th Cir.1992).
 
 
 16
 It is difficult to discern from plaintiffs' brief the arguments against the Rule 11 sanctions. As is the case throughout, the brief contains substantially more allegations of conspiracies and schemes than specific issues or points of law. The brief is a collection of accusations and bizarre tales against Michigan's entire court system, its Constitution, various judges and attorneys, entire law firms, and several individuals. These accusations cover a broad scope and include such crimes as bribery, extortion, false arrest, false imprisonment, neglect, death threats, racketeering, fraud, judicial corruption, false imprisonment, illegal search and seizure, the "buying" of judges, judicial retaliation, harassment by police, and a wide-ranging conspiracy against plaintiffs.
 
 
 17
 The original complaint is no less vague with respect to any facts or points of law. Plaintiffs have invoked this court's jurisdiction not to appeal an incorrect decision, but to relitigate the entire matter. The district court properly levied sanctions on plaintiffs due to the vexatious nature and impropriety of the entire litigation.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation