43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward COLEMAN, Plaintiff-Appellant,
v.
GENERAL MILLS; Kevin Wilt; Tom Traub; Steve Szabo;
Cathlene Holkmeier-Seim; Louis Blachowski; Ohio
Civil Rights Commission, Defendants-Appellees.
 No. 94-3651.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Edward Coleman, pro se, appeals a district court order dismissing his complaint for lack of subject matter jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Relying on the Fourteenth Amendment to the Constitution, and 42 U.S.C. Secs. 1982, 1983 and 1985, Coleman has alleged that the defendants denied him statutory and due process rights when certain grievances and charges that he filed with General Mills were not processed in accordance with federal statutes and in accordance with the applicable provisions of the representing union's bargaining agreement with General Mills. In his complaint, Coleman described three grievances that he filed between 1989 and 1992. Two of the grievances related to employment matters of two coworkers at General Mills. The third grievance alleged that the company harassed and discriminated against Coleman on the basis of his race when management moved him to another area of the General Mills plant after a breakdown occurred on a production line where he was a Packaging Maintenance Mechanic.
 
 
 3
 Reviewing these grievances, the district court construed Coleman's complaint as alleging unfair labor practices. The court determined that it lacked subject matter jurisdiction because the National Labor Relations Board (NLRB) has preemptive jurisdiction over such matters. The court further found that any remedy based on a violation of Title VII lay with "judicial review of the Equal Employment Opportunity Commission/Ohio Civil Rights Commission rulings, not with a separate action before this court." Thus, the court dismissed the case for lack of subject matter jurisdiction. The district court denied Coleman's motion to reconsider this decision and also denied a motion that he subsequently filed to amend his complaint pursuant to Fed.R.Civ.P. 15(a).
 
 
 4
 On appeal, Coleman refers to several federal statutes not relied upon below in support of his complaint. He states that the district court deprived him of a "protected property interest right" by dismissing his complaint, and argues that, because he never filed a complaint with the NLRB, there exists no agency decision to preempt jurisdiction in federal court. Lastly, Coleman argues that he should have been given the opportunity to amend his complaint under Rule 15(a) and that this court should remand the case to allow him to do so.
 
 
 5
 First, this court rejects the argument made by General Mills that jurisdiction is lacking. Coleman's motion for reconsideration of the district court's April 12, 1994, decision tolled the time for his appeal and, under revised Fed.R.Civ.P. 4(a)(4), his notice of appeal, filed prior to the district court's decision denying the motion, is deemed filed on the date the district court denied the motion. Thus, his appeal was timely. Secondly, Coleman's failure to correctly identify the ruling being appealed from does not destroy this court's jurisdiction because Coleman's intent to appeal was apparent and General Mills was not prejudiced. See United States v. Willis, 804 F.2d 961, 963 (6th Cir.1986).
 
 
 6
 We affirm the district court's decision to dismiss this complaint for the reasons stated by the district court, and for other reasons. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993). This court must conduct a de novo review of a district court's dismissal for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990).
 
 
 7
 The district court properly determined that the National Labor Relations Act preempted Coleman's suit to the extent that it could be construed as one alleging unfair labor practices by either General Mills or by the designated union. Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985); Waggoner v. Dallaire, 767 F.2d 589, 592 (9th Cir.1985), cert. denied, 475 U.S. 1064 (1986). The district court also appropriately recognized that Coleman does not have standing to challenge a coworker's employment status. However, Coleman's claim that his union deprived him of due process by failing to pursue his grievance based on the company's alleged discriminatory decision about his job responsibilities may be construed as a "hybrid" action filed against the company and against the union under Sec. 301 of the LMRA, over which the federal courts have proper jurisdiction. See Vaca v. Sipes, 386 U.S. 171, 180-81 (1967); Ryan v. General Motors Corp., 929 F.2d 1105, 1109 (6th Cir.1989); Storey v. Local 327, International Bhd. of Teamsters, 759 F.2d 517, 518 (6th Cir.1985).
 
 
 8
 Notwithstanding proper jurisdiction over this one claim, this court concludes that the claim lacks merit. Coleman did not show that there was a breach of duty by the union, because it is clear that the union did not process his grievance in an arbitrary or perfunctory manner. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 164 (1983); Ryan v. General Motors Corp., 929 F.2d 1105, 1109 (6th Cir.1989). The union's actions were not arbitrary, discriminatory, or in bad faith. Vaca, 386 U.S. at 190; Linton v. United Parcel Serv., 15 F.3d 1365, 1369 (6th Cir.1994). See also Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 67 (1991). Also, the district court did not abuse its discretion in denying Coleman's request to amend, filed only after a final decision was issued. See Song v. City of Elyria, 985 F.2d 840, 842-43 (6th Cir.1993); Conklin v. Joseph C. Hofgesang Sand Co., 565 F.2d 405, 407 (6th Cir.1977). Lastly, Coleman cannot now rely on federal statutes in support of proper jurisdiction that were not first presented to the district court for consideration. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 9
 Accordingly, the district court's order dismissing the complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.