99 F.3d 807
 William A. ORTMAN, Plaintiff-Appellant,
v.
Philip THOMAS, John Van Bolt, Michigan National Corp.,
Robert Mylod, David Vigna, Douglas Bernstein, Comerica Bank,
Lynn Allen, Gerald Poisson, Donald Slavin, John Ronayne,
III, Chester E. Kasiborski, Jr., Kasiborski, Ronayne and
Flaska, Michigan Attorney Discipline Board, Michigan
Attorney Grievance Commission, George E. Bushnell, Jr.,
David Breck, Frederick Harris, Anna Diggs Taylor, United
States of America, Alan Falk, John Doe(s), individually,
jointly and severally, Defendants-Appellees.
 Nos. 95-1975, 95-2306.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Oct. 7, 1996.
Decided Nov. 7, 1996.
 
 William Andrew Ortman (briefed), Farmington Hills, MI, Pro Se.
 Jane Shallal, Michigan Attorney Grievance Commission, Detroit, MI, for Philip Thomas.
 Margaret A. Nelson (briefed), Office of the Attorney General, Tort Defense Division, Lansing, MI, for John F. Van Bolt.
 Douglas C. Bernstein (briefed), Michigan National Corporation Legal Department, David J. Vigna (briefed), Farmington Hills, MI, for Michigan National Corporation.
 Douglas C. Bernstein (briefed), Michigan National Corporation Legal Department, Farmington Hills, MI, for Robert J. Mylod, David Vigna, Douglas Bernstein.
 Beth A. Mier (briefed), Michael D. Boutell, Kurt M. Carlson, Comerica Incorporated, Detroit, MI, for Comerica Bank.
 Mary Massaron Ross (briefed), Plunkett & Cooney, Detroit, MI, for Lynn Allen.
 John J. Ronayne, III (briefed), Kasiborski, Ronayne & Flaska, Detroit, MI, for John Ronayne, III.
 William L. Woodard (briefed), Office of the U.S. Attorney, Detroit, MI, for U.S.
 Barry H. Somlyo, Earl R. Jacobs, Maryann F. Connolly (briefed), Jacobs, James, Klarr & Somlyo, Southfield, MI, for Frederick Harris.
 Richard L. Cunningham (briefed), Michigan Attorney Grievance Commission, Detroit, MI, for Michigan Attorney Grievance Commission.
 Alan Falk (briefed), Okemos, MI, Pro Se.
 Before: LIVELY, BOGGS and NORRIS, Circuit Judges.
 LIVELY, Circuit Judge.
 
 
 1
 In appeal No. 95-1975, William A. Ortman, an attorney formerly licensed in Michigan, but now disbarred, appeals from summary judgment and dismissal of an action seeking damages for alleged unconstitutional actions of numerous defendants. In appeal No. 95-2306, Mr. Ortman appeals from a judgment imposing sanctions under FED.R.CIV.P. 11 for engaging in a pattern of vexatious litigation. The appellant is proceeding pro se in this court, and the appeals were submitted for judgment on the district court record and briefs of the parties, this panel having concluded unanimously that oral argument was not needed. FED.R.APP.P. 34(a). We affirm both judgments.
 
 I.
 
 2
 This litigation has a long history, and we will summarize that history in some detail to explain the background and the nature of the claims made by the plaintiff.
 
 A.
 
 3
 Mr. Ortman filed the original complaint in district court on December 19, 1994, alleging a right to relief under 42 U.S.C. § 1983. He filed an amended complaint on March 29, 1995, ultimately naming 21 defendants, who can be divided into four broad categories.
 
 
 4
 One set of defendants is connected by their actions in relation to a 1978 lawsuit Mr. Ortman filed against Michigan National Corporation. A second group of defendants consists of persons involved in two attorney discipline complaints filed against Mr. Ortman. Two other defendants fit into their own categories: United States District Judge Anna Diggs Taylor, who dismissed a civil rights suit previously filed by Mr. Ortman and appeared before a panel hearing on an attorney discipline complaint against Mr. Ortman; and Alan Falk, who filed an ethics complaint against Mr. Ortman with the State Bar of Michigan in 1981.
 
 
 5
 (1)
 
 
 6
 The events underlying this action began when Petre and Georgetta Teodorescu wrote a check to Mr. Ortman on a Michigan National Bank account for $1500 in attorney fees. They subsequently requested that Michigan National stop payment on the check. Michigan National complied with the stop payment request, and on September 26, 1978, Mr. Ortman brought suit in the 47th District Court of Michigan against Michigan National Corporation and Mr. and Mrs. Teodorescu alleging a conspiracy to deprive him of his attorney fees. After several delays and the entry of two default judgments, on July 21, 1989, 47th District Judge Frederick Harris granted Michigan National's motion to set aside one of the default judgments, and scheduled the case for trial. Thereafter, Mr. Ortman failed to appear at his deposition and informed the trial court that he would not submit to deposition. As a consequence, Judge Harris dismissed the lawsuit with prejudice on October 3, 1989.
 
 
 7
 Mr. Ortman then appealed to the Oakland County Circuit Court and filed a second action against Michigan National in the Oakland County Circuit Court, attempting to renew the default judgment. On July 11, 1990, Oakland County Circuit Judge David Breck affirmed Judge Harris's dismissal and granted Michigan National's motion for summary disposition in the second action that sought to renew the default judgment. After Judge Breck's subsequent denial of his motion for rehearing, Mr. Ortman appealed to the Michigan Court of Appeals. Finding Mr. Ortman's conduct vexatious and harassing, the Court of Appeals affirmed and remanded for a sanctions hearing. Because its in-house counsel, Douglas Bernstein and David Vigna, were potential witnesses, Michigan National was represented by John Ronayne, III at the sanctions hearing. Mr. Ortman did not appear at the hearing, and Judge Breck awarded Michigan National costs and attorney fees in the amount of $26,539.26.
 
 
 8
 Thereafter, Michigan National's in-house counsel, Mr. Bernstein, filed a writ of garnishment based on the award of sanctions. Oakland County Circuit Court Clerk Lynn Allen and two of his employees, Gerald Poisson and Donald Slavin, prepared and served the writ on Comerica Bank, enabling Michigan National to recoup $1,412 of the sanctions and a $45 fee for the garnishment from Mr. Ortman's account. Mr. Ortman claims that the issuance of the writ by the Oakland County Circuit Clerk's office effectively ratified the wrongful acts committed by those acting on behalf of Michigan National and the fraudulent judgments entered by the Oakland County Circuit Court. Thus, in the present litigation, Mr. Ortman sued Comerica, Lynn Allen, Gerald Poisson, Donald Slavin, Michigan National Corporation, Michigan National's Chairman of the Board Robert Mylod, John Ronayne, Douglas Bernstein, David Vigna, and Judges Harris and Breck on a multitude of theories for their activities in relation to the 1978 Michigan National litigation.
 
 
 9
 (2)
 
 
 10
 The defendants in the second group are related by two complaints filed in 1993 by the Administrator of the Michigan Attorney Grievance Commission (AGC), Phillip Thomas, against Mr. Ortman. One complaint filed with the Michigan Attorney Discipline Board (ADB or the Board) encompassed allegations made by Mr. and Mrs. Teodorescu that Mr. Ortman refused to disgorge escrow funds to them, and the second included allegations of vexatious litigation in the Michigan National case. As Executive Director of the ADB, John Van Bolt appointed two separate panels to hear the disciplinary complaints against Mr. Ortman. He originally appointed Chester Kasiborski, Jr., to serve on one of the hearing panels, but Mr. Kasiborski recused himself upon learning that one of his law partners, John Ronayne, was representing Michigan National in related litigation.
 
 
 11
 A hearing panel of the ADB found that Mr. Ortman had violated the Michigan ethical rules and set a hearing date of May 3, 1995, for determination of the proper discipline. Mr. Ortman elected not to attend that hearing, and on May 26, 1995, the panel ordered revocation of Mr. Ortman's license to practice law. Mr. Ortman petitioned for review to the full Board and submitted a brief arguing, inter alia, that the entire Michigan attorney disciplinary system is unconstitutional. On December 4, 1995, the ADB reduced the disbarment to a three year suspension. The second hearing panel found the Michigan National litigation vexatious and tantamount to professional misconduct. On August 18, 1995, that panel entered an order of revocation. Mr. Ortman subsequently filed a petition for review by the Board. The ADB rejected the petition as untimely, indicating that Mr. Ortman could file a delayed petition for review.
 
 
 12
 In the present action, Mr. Ortman challenges the constitutionality of the entire attorney disciplinary system employed by the State of Michigan. He also alleges that Philip Thomas, the Attorney Grievance Commission, the Attorney Discipline Board, John Van Bolt, George Bushnell, who is a member of the ADB, and Chester Kasiborski and his law firm, Kasiborski, Ronayne & Flaska, participated in a conspiracy to deprive him of civil rights.
 
 
 13
 (3)
 
 
 14
 In 1991, Mr. Ortman filed a lawsuit in the United States District Court for the Eastern District of Michigan that was assigned to United States District Judge Anna Diggs Taylor. Mr. Ortman named more than fifty defendants, including each of the Michigan Supreme Court Justices, three Michigan counties, two cities and various law firms. Judge Taylor granted summary judgment to the defendants and awarded $40,000 in attorney fees and costs under Rule 11's sanction provision. A panel of this court affirmed Judge Taylor's decision and sanction award, finding the sanctions proper given the "vexatious nature and impropriety of the entire litigation." Ortman v. Michigan, No. 92-2177, 1994 WL 12230, at * 4 (6th Cir. Jan.18, 1994), cert. denied, 512 U.S. 1208, 114 S.Ct. 2680, 129 L.Ed.2d 814 (1994). Judge Taylor later appeared before the ADB, testifying to her observations of Mr. Ortman during the course of proceedings over which she presided, and Mr. Ortman alleges that Judge Taylor instructed two Deputy United States Marshals to arrest him at the hearing. In the instant litigation, Mr. Ortman contends that Judge Taylor violated his constitutional rights in her rulings in the prior litigation and that she was part of a large-scale conspiracy to deprive him of his right to practice law.
 
 
 15
 (4)
 
 
 16
 The final defendant, David Falk, is a lawyer and the Commissioner of the Michigan Court of Appeals. On April 8, 1981, he filed a request with the Attorney Grievance Commission for an investigation of Mr. Ortman. The AGC ultimately issued an admonishment to Mr. Ortman on August 18, 1982. While Mr. Falk contends that he has had no further dealings with Mr. Ortman after the AGC investigation, Mr. Ortman alleges, without any demonstrated foundation, that Falk has influenced other court employees to prejudice Mr. Ortman unduly in his dealings with the Michigan Court of Appeals since 1979.
 
 B.
 
 17
 All of the named defendants sought dismissal or summary judgment, but Mr. Ortman responded to less than half of the motions filed. The district court dispensed with oral argument pursuant to its local rules and entered a 21-page opinion and order granting dismissal or summary judgment to each defendant. Ortman v. Thomas, 894 F.Supp. 1104 (E.D.Mich.1995).
 
 
 18
 The district court then held a hearing on the defendants' motions for sanctions, which Mr. Ortman failed to attend. After considering the requests of some defendants for attorney fees and costs, the court entered an order imposing monetary sanctions totalling $24,809.99, and directing the amount of the award to be paid to each defendant. The district court's order also permanently enjoined Mr. Ortman "from filing any civil lawsuit alleging or asserting factual or legal claims based upon or arising out of any of the legal or factual claims alleged in this action or any of the actions underlying it." Ortman v. Thomas, 906 F.Supp. 416, 424 (E.D.Mich.1995).
 
 
 19
 Mr. Ortman filed timely appeals from both judgments entered pursuant to the cited opinions, and we have jurisdiction under 28 U.S.C. § 1291. This court has consolidated the cases on appeal.
 
 II.
 
 20
 We have examined the various briefs, motions to strike, and responses filed by the parties in light of the district court record.A.
 
 
 21
 Most of Mr. Ortman's arguments relate to his claim of a broad conspiracy involving lawyers, law firms and state and federal judges, to deprive him of his right to earn a living by practicing law in Michigan. He cloaks these arguments in references to the United States and Michigan Constitutions with a generality that is insufficient to withstand a motion to dismiss or for summary judgment. His briefs are filled with incomplete quotations from decisions that do not support his position, and rarely have any application to the legal issues involved in this case.
 
 
 22
 Two of his arguments, stated repeatedly, are that summary judgment violates the Seventh Amendment guarantee of trial by jury and that the Michigan attorney discipline system is unconstitutional because the Michigan Constitution prohibits the delegation of judicial power. Both arguments are patently meritless.
 
 
 23
 The district court correctly concluded that Mr. Ortman's claims against several of the defendants were frivolous and without any basis in law or fact, that the judicial defendants were absolutely immune, that it lacked subject matter jurisdiction over the claims challenging the constitutionality of the Michigan attorney discipline system, and that the claim against Comerica was an impermissible attempt to attack a valid state court judgment.
 
 B.
 
 24
 After a lengthy discussion of the proceedings from their beginning in 1978 through the 1995 lawsuit, the district court concluded that Mr. Ortman's repetitive filing of frivolous and vexatious lawsuits related to the same subject matter warranted monetary sanctions in the form of reasonable attorney fees and costs in the amount of $24,809.99 and the permanent injunction previously described.
 
 
 25
 The record fully supports the monetary sanctions. The absolute bar to further litigation contained in the injunctive order is too broad, however. We do not believe a person can be absolutely foreclosed from initiating an action in a court of the United States, though it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed. Accordingly, we AFFIRM the judgment dismissing the action of Ortman v. Thomas, District Court No. 94-75046. We likewise AFFIRM the judgment in the same case awarding monetary damages, but MODIFY the injunctive portion of the judgment to provide that William A. Ortman is permanently enjoined from filing any civil lawsuit alleging or asserting factual or legal claims based upon or arising out of the legal or factual claims alleged in this action or any of the actions underlying it without first obtaining certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose.