**Raymond C. SILLER, Plaintiff–Appellant,**

v.

**Scott HAAS; Wayne Herner; Robert Watson, Lt., KSR; Sherry Spalding, LPN, KSR; Jody Roberts, Guard, KSR; John Does, # 1, # 2, # 3; Kirkwood, Healthcare Provider; Betty Nechter, R., KSR; William C. Seabold, Warden, KSR, Defendants–Appellees.**

No. 01–5277.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

Pro se Kentucky prisoner and frequent litigator Raymond C. Siller appeals a district court's summary judgment that dismissed his most recent 42 U.S.C. § 1983 suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Claiming violations of multiple constitutional rights, Siller sued about a dozen employees of the Kentucky State Reformatory at LaGrange, Kentucky. The district court dismissed Siller's suit on the defendants' motion for summary judgment.

In his timely appeal, Siller has filed a brief that: (1) contains a vituperative at-

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

tack on the district court; (2) accuses this circuit of carrying the "mark of the beast" because of its numerical designation; (3) catalogues the six suits he is currently prosecuting against the district court; and (4) includes threats of revenge against the defendants, the district court, and this court that he claims will be carried out upon his release from prison. The defendants have not filed a brief.

■ Siller's appellate brief amounts to an incomprehensible rant against the district court and this court, a laundry lists of the suits he is prosecuting, and threats. By failing to brief adequately any appellate issue, Siller has abandoned this appeal. *Thaddeus–X v. Blatter*, 175 F.3d 378, 403 n. 18 (6th Cir.1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

■ In his penultimate appeal, this court cautioned Siller "that further prosecution of frivolous suits and appeals will result in the imposition of sanctions." *Siller v. Seabold*, No. 00–5789, 2000 WL 1800646, at *1 (6th Cir. Dec. 1, 2000) (unpublished) (citing *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir.1996), and *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). We affirmed the district court's judgment in that case because Siller failed to brief any appellate issue. We noted that Siller's brief in that case "consists of nothing more than two misstatements of law and a laundry list of the suits Siller has filed against the district court judge in this case, nine judges of this court, and four employees in the clerk's office of this court." *Id.* In Siller's two other recent appeals, this court has affirmed district court judgments that dismissed Siller's suits as frivolous. *Siller v. Dean*, No. 99–5323, 2000 WL 145167 (6th Cir. Feb. 1, 2000); *Siller v. Cruise*, No. 99–5300, 1999 WL 1281774 (6th Cir. Dec. 29, 1999). The instant matter, and Siller's prior suits and

appeals, all arise from an altercation between Siller and prison guards that occurred on or about May 14, 1998, or from subsequent litigation concerning that fracas.

In *Filipas*, 835 F.2d at 1146, we approved a district court order that required vexatious litigants to obtain leave of court before filing any further complaints regarding an automobile accident. Of the requirement that the litigants obtain leave to file suit, the court stated, "This requirement is the proper method for handling the complaints of prolific litigators and the procedure does not violate the first amendment." *Id.* Although Siller's litigation has not yet amounted to the "many complaints" filed by the litigants in *Filipas*, Siller has made clear through his threats and his litigation history that he intends to file future complaints, appeals, and petitions for certiorari concerning the May 14, 1998, incident and his subsequent litigation. Simply put, Siller has vowed to extract some measure of revenge for his imprisonment through recreational litigation. *Cf. Gabel v. Lynaugh*, 835 F.2d 124, 125 (5th Cir.1988) ("We do not sit as a means by which the system can be punished—or to be punished ourselves—by the pursuit of frivolous or malicious appeals by disgruntled state prisoners.").

Because he has abused the dockets of the federal courts through his frivolous litigation, Siller is hereby permanently enjoined from filing any civil lawsuits alleging or asserting factual or legal claims based upon or arising out of the legal or factual claims alleged in this action or any of the actions underlying it without first obtaining written certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose. It is ordered that the appropriate clerk of courts return, unfiled,

any suits or appeals improperly filed without certification.

The district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.