**Alonzo Dean SHEPHARD,**
**Plaintiff–Appellant,**

v.

**Algenon MARBLEY, U.S. Federal Judge; Kenneth Murphy, Clerk; Jim Hencye, Deputy Clerk, Defendants–Appellees.**

**No. 01–3678.**

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

## ORDER

Alonzo Dean Shephard, a pro se Ohio prisoner and a frequent litigant, appeals from a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Shephard sued United States District Court Judge Algenon Marbley, Clerk of Court Kenneth J. Murphy, and Deputy Clerk Jim Hencye, alleging that the defendants are prejudiced against him and denied him forms required for prosecution of his cases. Shephard also alleged a variety of constitutional violations arising out of his conditions of confinement. The district court denied Shephard in forma pauperis status and dismissed the complaint without prejudice. Shephard has filed a timely appeal.

Upon review, we conclude that the district court properly denied Shephard pauper status and dismissed the complaint without prejudice. This court reviews a district court's denial of pauper status for an abuse of discretion. *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). The district court dismissed Shephard's complaint pursuant to 28 U.S.C. § 1915(g), the so-called "three strikes" provision, which states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

■ The district court properly determined that Shephard was not entitled to pauper status under § 1915(g). The court concluded that Shephard has filed three or more lawsuits which were dismissed because they were frivolous or failed to state a claim, and Shephard does not challenge the court's conclusion that § 1915(g) applies to him. Further, Shephard has not established that he falls within the "imminent danger of serious physical injury" exception to § 1915(g). While Shephard alleged in a conclusory manner that he received threats and mistreatment at the hands of other inmates and prison staff, he does not allege any immediate or specific danger of serious physical injury.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

We also note that Shephard is a frequent and abusive litigant in this court and the district court. In November 1999, the court for the Southern District of Ohio commented that Shephard had filed over 50 lawsuits since 1993, and the court determined that his "conduct constitutes a persistent campaign of harassment of this Court and its personnel by the filing of frivolous litigation." Consequently, the court revoked Shephard's pauper status and directed the Clerk to not file any papers tendered by Shephard, unless he received prior judicial authorization. *In re: Alonzo Dean Shephard*, No. MC–3–99–025 (S.D.Ohio Nov. 1, 1999) (Rice, C.J.). We encourage the district court in the future to follow this procedure before processing Shephard's cases.

Further, we have determined that this court must take additional injunctive action against Shephard because, despite the district court's November 1999 order, Shephard continues to pursue frivolous and vexatious litigation. A review of this court's docket reveals that, since the time of the district court's order, Shephard has filed eight separate appeals with this court, many of which subsequently were dismissed for want of prosecution. In an effort to stem this tide of litigation, this court enjoins Shephard from filing further appeals, without first satisfying the requirements of 28 U.S.C. § 1915(g). While this court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir.1996), the court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998); *Ortman*, 99 F.3d at 811.

Therefore, the court finds that, pursuant to § 1915(g), Shephard is precluded from pursuing any further civil action or appeal in forma pauperis, unless he is "under imminent danger of serious physical injury." In order to comply with this requirement, Shephard shall file with this court for any future appeal a pleading entitled "Application Pursuant to Court Order Seeking Leave to Proceed In Forma Pauperis under 28 U.S.C. § 1915(g)." This application must be filed within ten days after Shephard files a notice of appeal. The application shall: 1) contain specific factual allegations demonstrating that Shephard is "under imminent danger of serious physical injury;" and 2) describe the relationship between the alleged danger and the claims contained in the underlying complaint. Failure to submit this application or to comply strictly with the terms of this injunction will result in summary dismissal of the appeal.

Upon timely receipt of a complete application, the clerk of the Sixth Circuit shall direct the clerk of the appropriate district court to transmit the record of the underlying case. No further proceedings shall take place in this court, nor shall any other filings be accepted, until this court has reviewed the application and the record to determine whether Shephard meets the requirements of § 1915(g). If this court concludes that the application fails to satisfy the requirements of § 1915(g), the court will deny Shephard pauper status or revoke his pauper status.

This procedure shall govern any appeals in this court filed by Shephard until such time as the court may order otherwise.