**Alonzo Dean SHEPHARD,
Plaintiff–Appellant,**

v.

**Hillary Rodham CLINTON, et
al., Defendants–Appellees.**

No. 01–3225.

United States Court of Appeals,
Sixth Circuit.

Dec. 5, 2001.

Before KENNEDY, MOORE, and
COLE, Circuit Judges.

Alonzo Dean Shephard, a pro se Ohio
prisoner and a frequent litigant, appeals
from a district court order dismissing his
civil rights action filed under 42 U.S.C.
§ 1983. The case has been referred to a
panel of the court pursuant to Rule
34(j)(1), Rules of the Sixth Circuit. Upon
examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

Shephard sued former President Wil-
liam Clinton, Senator Hillary Rodham
Clinton, former United States Attorney
Sharon Zealey, and Ohio Attorney General
Betty Montgomery, alleging that the de-
fendants violated a number of his constitu-
tional rights. The district court concluded
that Shephard's claims were frivolous and
dismissed the case. Shephard has filed a
timely appeal.

Upon review, we conclude that the dis-
trict court properly dismissed Shephard's
complaint as frivolous. This court reviews
de novo a district court judgment dismiss-
ing a suit as frivolous under 28 U.S.C.
§§ 1915(e)(2)(B) and 1915A(b). *Brown v.
Bargery*, 207 F.3d 863, 866–67 (6th Cir.
2000). A complaint is frivolous if it lacks
an arguable or rational basis either in law
or in fact. *Id.* at 866.

■ Shephard's claims lack an arguable or rational basis in law. Shephard asserts in a conclusory manner that he has been subjected to a wide variety of unconstitutional conditions of confinement during his incarceration. However, he does not allege that any of the defendants were responsible for these allegedly unconstitutional conditions; rather, he only asserts that the defendants failed to respond to his letters complaining about the conditions. Since Shephard has not alleged that the defendants were personally involved in depriving him of his constitutional rights, his § 1983 claims against them are frivolous. *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir.1995).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

We also note that Shephard is a frequent and abusive litigant in this court and the district court. In November 1999, the court for the Southern District of Ohio commented that Shephard had filed over 50 lawsuits since 1993, and the court determined that his "conduct constitutes a persistent campaign of harassment of this Court and its personnel by the filing of frivolous litigation." Consequently, the court revoked Shephard's pauper status and directed the Clerk to not file any papers tendered by Shephard, unless he received prior judicial authorization. *In re: Alonzo Dean Shephard,* No. MC–3–99–025 (S.D.Ohio Nov. 1, 1999) (Rice, C.J.). We encourage the district court in the future to follow this procedure before processing Shephard's cases.

■ Further, we have determined that this court must take additional injunctive action against Shephard because, despite the district court's November 1999 order, Shephard continues to pursue frivolous and vexatious litigation. A review of this court's docket reveals that, since the time of the district court's order, Shephard has filed eight separate appeals with this court, many of which subsequently were dismissed for want of prosecution. In an effort to stem this tide of litigation, this court enjoins Shephard from filing further appeals, without first satisfying the requirements of 28 U.S.C. § 1915(g). While this court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir.1996), the court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998); *Ortman,* 99 F.3d at 811.

Therefore, the court finds that, pursuant to § 1915(g), Shephard is precluded from pursuing any further civil action or appeal in forma pauperis, unless he is "under imminent danger of serious physical injury." In order to comply with this requirement, Shephard shall file with this court for any future appeal a pleading entitled "Application · Pursuant to Court Order Seeking Leave to Proceed In Forma Pauperis under 28 U.S.C. § 1915(g)." This application must be filed within ten days after Shephard files a notice of appeal. The application shall: 1) contain specific factual allegations demonstrating that Shephard is "under imminent danger of serious physical injury;" and 2) describe the relationship between the alleged danger and the claims contained in the underlying complaint. Failure to submit this application or to comply strictly with the terms of this injunction will result in summary dismissal of the appeal.

Upon timely receipt of a complete application, the clerk of the Sixth Circuit shall direct the clerk of the appropriate district court to transmit the record of the underlying case. No further proceedings shall take place in this court, nor shall any other filings be accepted, until this court has

reviewed the application and the record to determine whether Shephard meets the requirements of § 1915(g). If this court concludes that the application fails to satisfy the requirements of § 1915(g), the court will deny Shephard pauper status or revoke his pauper status.

This procedure shall govern any appeals in this court filed by Shephard until such time as the court may order otherwise.