**Alonzo Dean SHEPHARD, Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, et al., Defendants–Appellees.**

No. 01–3665.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

Alonzo Dean Shephard, a pro se Ohio prisoner and a frequent litigant, appeals from a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule

34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Shephard sued the Governor of Ohio, the head of the Department of Corrections, and several correctional employees, alleging that the defendants subjected him to unconstitutional conditions of confinement. The district court adopted the magistrate judge's report and recommendation, concluded that Shephard had not exhausted his administrative remedies, and dismissed the case. Shephard has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Shephard's claims for failure to exhaust his administrative remedies. This court reviews de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001).

■ Shephard did not exhaust his administrative remedies for any of his claims. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *Id.* To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). "In the

absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.*

■ Shephard has not demonstrated that he exhausted his administrative remedies for his claims. He has not presented any evidence or averments reflecting that he ever attempted to pursue his claims through the Ohio prison administrative review process. While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims. *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir.1999).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

We also note that Shephard is a frequent and abusive litigant in this court and the district court. In November 1999, the court for the Southern District of Ohio commented that Shephard had filed over 50 lawsuits since 1993, and the court determined that his "conduct constitutes a persistent campaign of harassment of this Court and its personnel by the filing of frivolous litigation." Consequently, the court revoked Shephard's pauper status and directed the Clerk to not file any papers tendered by Shephard, unless he received prior judicial authorization. *In re: Alonzo Dean Shephard*, No. MC–3–99–025 (S.D.Ohio Nov. 1, 1999) (Rice, C.J.). We encourage the district court in the future to follow this procedure before processing Shephard's cases.

Further, we have determined that this court must take additional injunctive action against Shephard because, despite the district court's November 1999 order, Shephard continues to pursue frivolous and

vexatious litigation. A review of this court's docket reveals that, since the time of the district court's order, Shephard has filed eight separate appeals with this court, many of which subsequently were dismissed for want of prosecution. In an effort to stem this tide of litigation, this court enjoins Shephard from filing further appeals, without first satisfying the requirements of 28 U.S.C. § 1915(g). While this court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir.1996), the court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998); *Ortman,* 99 F.3d at 811.

■ Therefore, the court finds that, pursuant to § 1915(g), Shephard is precluded from pursuing any further civil action or appeal in forma pauperis, unless he is "under imminent danger of serious physical injury." In order to comply with this requirement, Shephard shall file with this court for any future appeal a pleading entitled "Application Pursuant to Court Order Seeking Leave to Proceed In Forma Pauperis under 28 U.S.C. § 1915(g)." This application must be filed within ten days after Shephard files a notice of appeal. The application shall: 1) contain specific factual allegations demonstrating that Shephard is "under imminent danger of serious physical injury;" and 2) describe the relationship between the alleged danger and the claims contained in the underlying complaint. Failure to submit this application or to comply strictly with the terms of this injunction will result in summary dismissal of the appeal.

Upon timely receipt of a complete application, the clerk of the Sixth Circuit shall direct the clerk of the appropriate district court to transmit the record of the underlying case. No further proceedings shall

take place in this court, nor shall any other filings be accepted, until this court has reviewed the application and the record to determine whether Shephard meets the requirements of § 1915(g). If this court concludes that the application fails to satisfy the requirements of § 1915(g), the court will deny Shephard pauper status or revoke his pauper status.

This procedure shall govern any appeals in this court filed by Shephard until such time as the court may order otherwise.