**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edwin S. PRATT, Jr., Defendant–**
**Appellant.**

**No. 01–2156.**

United States Court of Appeals,
Sixth Circuit.

April 25, 2002.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and SHARP, District

Judge.*

## ORDER

Edwin S. Pratt, Jr., proceeding pro se, appeals a district court judgment against him in a civil action filed by the United States of America ("government") to collect seven unpaid student loans, which were insured by the government under the Health Education Assistance Loan ("HEAL") Program established by the Public Health Service Act, 42 U.S.C. § 292. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Between 1986 and 1989, Pratt borrowed a total principal balance of $19,007 from Valley National Bank ("Valley") located in Des Moines, Iowa, in order to finance his education at the Palmer College of Chiropractic ("Palmer"). Pratt signed a promissory note as security for each of seven loans.

Pratt subsequently defaulted on all seven loans. Due to Pratt's default, the government paid $35,664 to Valley, which included the total principal balance of the loans plus accrued interest. In exchange for satisfaction of the debt owed by Pratt, the government received an assignment of the right to collect the debt owed by Pratt. Thereafter, the government filed suit against Pratt in order to collect the unpaid balance of the student loans, plus applicable interest. As of November 16, 2000, when the complaint in the instant action was filed, the government alleged that the total amount owed by Pratt was $54,296.99.

The government filed a motion for summary judgment, to which Pratt responded. The district court granted the government's motion and entered judgment in favor of the government and against Pratt "in the amount of $54,296.99 as of November 16, 2000, in addition to applicable interest and costs." Pratt has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

■ Upon review, we conclude that the district court properly granted summary judgment in favor of the government. Pratt failed to present significant, probative evidence in order to establish a genuine issue of material fact to defeat the government's motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Am. Acad. of Ophthalmology, Inc. v. Sullivan,* 998 F.2d 377, 382 (6th Cir.1993). Pratt did not deny that he executed the seven promissory notes in question, that his education was financed by the student loans, and that he did not repay the amount borrowed. Instead, Pratt contends that the government failed to prove that Valley performed its obligations under the notes by transferring the funds borrowed to him. However, Pratt offered no evidence in support of his bare assertion that Valley did not provide the funds to finance his education as indicated by the notes. The fact that the mon-

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

ey may have been paid to Palmer rather than Pratt does not mean that the funds were not disbursed on Pratt's behalf or otherwise alter Pratt's obligation to repay the amounts owed, as reflected on the promissory notes that he executed.

Pratt's contentions that he was denied counsel and a jury trial are without merit. First, the district court did not refuse to provide Pratt with counsel. The record indicates that Pratt never filed a motion for counsel or otherwise asserted a need for counsel before the district court. Second, Pratt is not entitled to a jury trial in this case. A litigant has no right to a trial if his pleadings fail to survive a motion for summary judgment. *See generally Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir.1996).

We decline to address Pratt's claim that the amount of interest owed on the principal amount cannot be properly calculated because it was not asserted below. Unless exceptional circumstances are present, issues which were neither raised nor ruled upon by the district court are not properly before this court. *United States v. $100,375.00 in U.S. Currency,* 70 F.3d 438, 441 (6th Cir.1995); *Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.