**John Vincent HYLAND, Jr.,**
**Plaintiff–Appellant,**

v.

**John Paul STEVENS, et al.,**
**Defendants–Appellees.**

No. 01–2399.

United States Court of Appeals,
Sixth Circuit.

June 19, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District Judge.*

Pro se Michigan prisoner and frequent litigator John Vincent Hyland, Jr., appeals a district court judgment that dismissed his latest 42 U.S.C. § 1983 suit as frivolous. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In a fee-paid complaint, Hyland sued the justices of the United States Supreme Court, claiming that the decision in *Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000) was improper under a number of legal theories. The district court dismissed Hyland's suit as frivolous under 28 U.S.C. § 1915A. Hyland filed a timely motion for reconsideration, which the district court also denied.

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Michigan, sitting by designation.

In his timely fee-paid appeal, Hyland essentially reasserts his claims against the Supreme Court. The Defendants have not been served and have not filed a brief.

Upon review, we conclude that this appeal is patently frivolous. The district court's judgment is affirmed for the reasons stated by that court in its March 6, 2001, order of dismissal and its September 10, 2001, denial of the motion for rehearing.

The history of Hyland's frivolous litigation is chronicled in *Hyland v. Clinton*, 3 Fed.Appx. 478, 479 (6th Cir.2001) (unpublished). In that case, we taxed double costs against Hyland because we had twice previously warned Hyland to refrain from filing frivolous appeals and because these cautions were unheeded. We also admonished Hyland that an obstinate refusal to refrain from filing frivolous suits and appeals would result in a limited enjoinder on his right of access to this court and the courts under this court's jurisdiction. Hyland has not paid the monetary sanction, and he has not given pause.

Instead, Hyland's litigation has expanded into new venues. Although *Hyland v. Clinton* was brought in the United States District Court for the Western District of Michigan, the instant suit was brought in the Eastern District. In addition, further research reveals that Hyland has duplicated his frivolous suits and appeals in other courts. *See. Hyland v. Clinton*, No. 99–5202, 1999 WL 728348 (D.C.Cir. Aug.17, 1999). The instant appeal also has a duplicate. *Hyland v. Stevens*, 6 Fed.Appx. 15 (D.C.Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001).

In choosing sanctions, we must employ "the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 280, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 231, 5 L.Ed. 242 (1821)). In other words, we must use the least restrictive sanction necessary to deter the inappropriate behavior. While we will not absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir.1996), we may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998); *Ortman*, 99 F.3d at 811. In most cases, the preferred approach is to require an abusive litigant to obtain leave of court before filing suit regarding the operative facts that have been the basis for his or her litigiousness. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987); *see also Siller v. Haas*, 21 Fed.Appx. 270, 272 (6th Cir.2001) (unpublished).

With regard to Hyland, it is painfully obvious that a sanction tailored to a specific fact pattern will have no effect. Hyland's litigation lacks a predictable pattern. He apparently finds equal causes of action in the most personal and picayune matters, *see Hyland v. Martin*, No. 00–1269, 2000 WL 1647952 (6th Cir. Oct.25, 2000) (regarding the balance Hyland was allowed to keep on his photocopy credit card), and in the most important national events. In short, Hyland is an exception to the rule.

"To make [a] sanction effective and thereby protect the processes of a court from abuse, a litigant against whom Rule 38 sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court." *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2d Cir.1985) (footnote and citations omitted). Therefore, Hyland is hereby barred from filing any new civil matter or appeal therefrom in this court or any court subject to this court's jurisdiction until he has paid the sanction imposed in *Hyland v. Clinton*, 3 Fed.Appx. 478, 479

**772**

(6th Cir.2001). We limit this sanction only by the bounds set by the Supreme Court: it shall not apply in any criminal matter. *See Judd v. United States Dist. Court for the W. Dist. of Texas,* 528 U.S. 5, 6, 120 S.Ct. 1, 145 L.Ed.2d 7 (1999) (ordering the clerk not to accept further petitions for certiorari in noncriminal matters until docketing fees are paid). All filings received in violation of this order shall be returned unfiled.

For the foregoing reasons, the district court's judgment is AFFIRMED and sanctions are IMPOSED. Rule 34(j)(2)(C), Rules of the Sixth Circuit.