*45
ORDER

Larry Paul Conway, a Tennessee resident proceeding pro se, appeals the district court’s order dismissing his appeal from the bankruptcy court’s order granting the trustee’s motion for relief from the automatic stay in this bankruptcy case filed under Chapter 11 of the Bankruptcy Code. The trustee has filed a motion for award of damages and costs pursuant to Fed. R.App. P. 38. The trustee has also filed a motion seeking to enjoin Conway from filing any motions, appeals or other pleadings in connection with this case. Conway has responded to these motions. This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
Conway commenced this Chapter 11 bankruptcy case by filing a voluntary petition for relief on February 26, 2002. An earlier Chapter 11 petition, filed by Conway on November 7, 2001, was dismissed on January 30, 2002, upon motion of the United States Trustee (see appeal No. 03-5072). The bankruptcy court granted the trustee’s motion for relief from the automatic stay on June 7, 2002. Conway filed a notice of appeal from the order granting relief from the automatic stay on June 17, 2002 in the district court. Conway did not obtain a stay of the bankruptcy court order from which he appealed which permitted the trustee to foreclose. The trustee sold the property at issue in the bankruptcy case pursuant to foreclosure and because of this event, the district court dismissed the appeal as moot. This appeal followed.
In a bankruptcy proceeding, the bankruptcy court is the finder of fact. Hardin v. Caldwell (In re Caldwell), 851 F.2d 852, 857 (6th Cir.1988). When a district court acts as an appellate court as it does in a bankruptcy proceeding, it reviews the bankruptcy court’s factual findings under the clearly erroneous standard, and its conclusions of law de novo. Id. “[I]n appeals from the decision of a district court on appeal from the bankruptcy court, the court of appeals independently reviews the bankruptcy court’s decision, applying the clearly erroneous standard to findings of fact and de novo review to conclusions of law.” IRS v. Century Boat Co. (In re Century Boat Co.), 986 F.2d 154, 156 (6th Cir.1993) (brackets in original). This court reviews the district court’s legal conclusions de novo. Mapother & Mapother, P.S.C. v. Cooper (In re Downs), 103 F.3d 472, 477 (6th Cir.1996).
Upon review, we conclude that the district court properly dismissed Conway’s appeal as moot. Wdien a debtor fails to obtain a stay of an order lifting an automatic stay, thus allowing the creditor to foreclose and a sale to a good faith purchaser to be effected, the foreclosure renders moot any bankruptcy appeal concerning the propriety of the lifting of the stay or the validity of the sale, and the court lacks a proper remedy. See Farmers Bank v. Kittay (In re March), 988 F.2d 498, 499 (4th Cir.1993); Sullivan Cent. Plaza, I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza, I, Ltd.), 914 F.2d 731, 733 (5th Cir.1990); Lashley v. First Nat’l Bank of Live Oak (In re Lashley), 825 F.2d 362, 364 (11th Cir.1987).
The trustee’s motion for damages and double costs should not be granted. The trustee filed a separate motion as required by Fed. R.App. P. 38. Rule 38 permits a court of appeals to award an appellee just damages and single or double costs in the case of a frivolous appeal. See Barney v. Holzer Clinic, 110 F.3d 1207, 1212 (6th Cir.1997). This court considers *46 an appeal frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes. Id. (citing NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir.1987)). Here, sanctions will not be imposed. Although the appeal is obviously without merit, it does not appear to have been prosecuted for delay, harassment, or other improper purposes.
Lastly, in a supplemental motion to the Rule 38 motion, the trustee requests this court to enjoin Conway “from filing any motions, appeals or other pleadings in connection with this case, except upon proof of payment to the trustee of any sanctions ordered by this court and leave of court in which he seeks to file the pleading or appeal”. While a court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir.1996), the court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir.1998); Ortman, 99 F.3d at 811. It does not appear from the record that Conway has a history of repetitive or vexatious litigation. Therefore, the request for an order enjoining Conway from filing any motions, appeals or other pleadings in connection with this case is denied.
Accordingly, the district court’s order dismissing Conway’s bankruptcy appeal is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. The pending motions are denied.