**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0153n.06
Filed: February 24, 2006

No. 04-2355

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WILLIAM A. SWENSON, JR.,
    *Plaintiff-Appellant*

    v.

GEORGE J. PRAMSTALLER, D.O., ET AL.,
    *Defendants - Appellee*

On Appeal from the
United States District Court for
the Western District of Michigan

_____

**BEFORE: KENNEDY, COOK, and GRIFFIN, Circuit Judges.**

**KENNEDY, Circuit Judge.**

### *ORDER*

Plaintiff, William A. Swenson ("Swenson"), a pro se Michigan prisoner, appeals the district court's order denying him leave to file in forma pauperis in this 42 U.S.C. § 1983 civil rights action. Swenson sued the Defendants, Dr. Kilpatrick, B. Majerczyk, and George J. Pramstaller, alleging, inter alia, that they violated his Eighth Amendment rights by denying him the medical accommodation he requested for his alleged sleep disorders. He also filed an application for leave to proceed in forma pauperis.

The district court denied Swenson in forma pauperis status and ordered that he pay the district court filing fee within thirty days or face dismissal. Because he did not pay the fee, on March 3, 2005, the district court dismissed the complaint without prejudice. Swenson filed this timely appeal and on February 23, 2005, this court granted his request to bring this appeal in forma

pauperis. On appeal, we address whether the district court erred in denying him leave to file in forma pauperis in that court.

We review the district court's denial of pauper status for abuse of discretion. *Phipps v. King*, 866 F.2d 824 (6th Cir. 1988). The district court dismissed Swenson's complaint pursuant to 28 U.S.C. § 1915(g), the so-called "three strikes" provision, which states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Swenson does not dispute that at least three prior civil actions filed by him were dismissed as frivolous by the district court; he argues, however, that because one of the dismissals occurred before the effective date of the Prison Litigation Reform Act (PLRA), it should not be counted as "strike" against him. However, we rejected this argument in *Wilson v. Yaklich*, holding that "dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." 148 F.3d 596, 604 (6th Cir. 1998). Thus, Swenson is precluded from bringing this action in forma pauperis unless he falls within the statutory exception, that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The district court found that Swenson did not allege any facts establishing that he is under imminent danger of serious physical injury. Swenson maintains he is under such a danger as, given his propensity to sleepwalk, he may: fall off the top bunk (if he is forced to sleep on the top bunk); "thrash about" his cell either injuring himself or his cellmate; or, upset either his cellmate and/or the "prison population as a whole" because of his disruptive sleeping patterns resulting in some form

2

of retaliation against him. (Brief of the Appellant at 9). In light of the speculative nature of Swenson's concerns, we agree with the district court and hold that he has not alleged any facts establishing that he is in "imminent danger" of serious physical injury (especially in light of the fact that Swenson is currently housed in a single cell). *Shephard v. Marbley*, 23 Fed.Appx. 491, 492 (6th Cir. 2001). Thus, as he does not fall within the exception, Swenson is precluded from bringing this suit in forma pauperis by the "three strikes" provision of 28 U.S.C. § 1915(g).

Accordingly, we hereby affirm the district court's judgment.